**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ALANA LANDRY** | **CIVIL ACTION** |
| **VERSUS** | **NO: 2:26-cv-2549** |
| **HYUNDAI MOTOR AMERICA CORPORATION** | |

# COMPLAINT

NOW INTO COURT, through undersigned counsel, comes the Plaintiff, ALANA LANDRY (hereinafter LANDRY and/or "PLAINTIFF"), a person of the age of majority who resides in St. Martin Parish and is a citizen of the State of Louisiana, who alleges the following against **HYUNDAI MOTOR AMERICA CORPORATION** (hereinafter "HYUNDAI" and/or "DEFENDANT"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Magnuson-Moss Warranty Act ("Warranty Act"), *Chapter 15 U.S.C.A § 2301*, *et. seq*., and Redhibition pursuant to *La. C. C. Art. 2520, et seq.*

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction over this matter pursuant to the *Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(1)(B)*, in that the Plaintiff's claims exceed $50,000.00 in damages, exclusive of interest and costs, and jurisdiction over the state caused of action under the doctrine of supplemental jurisdiction as set forth in *28 U.S.C. § 1367.*

3. This Court has personal jurisdiction over the Defendant who conducts business in

the State of Louisiana, including the Eastern District of Louisiana.

4. Venue is proper in this district under *28 U.S.C. §1391* because the Defendant resides in the Eastern District of Louisiana.

**PARTIES**

5. Plaintiff is an adult individual residing in St. Martinville, Louisiana.

6. Defendant, **HYUNDAI MOTOR AMERICA CORPORATION** (hereinafter "HYUNDAI" and/or Defendant) is a foreign corporation, with its' principal place of business is in California and is qualified to do and regularly conducting business in the State of Louisiana, with its registered and principal place of business in the State of Louisiana located at 417 W. 21st Avenue, Covington, La 70433 and who can be served through their agent for service of process CSC of St. Tammany Parish, Inc., 417 W. 21st Avenue, Covington, La 70433.

7. Defendant is engaged in the manufacture, sale and distribution of motor vehicles and related equipment and services. Defendant is also in the business of marketing, selling, servicing, establishing franchise dealerships, with its name appearing on the dealer's claims policies and procedures manual, owner's service policy, and owner's automobile manual, and operates a vehicle distribution center and inspected, adjusted, and prepared automobiles for placement in hands of a dealer for retail sale and occupies a position of a manufacturer insofar as the Plaintiff and the average consumer is concerned. The Defendant supplies and sells written warranties to the public at large through a system of authorized dealerships, including the dealership where the Plaintiff purchased the Vehicle and tendered the Vehicle for repairs.

## FACTUAL ALLEGATIONS

8. On or about April 7, 2025, Plaintiff purchased a 2025 Hyundai Palisade from Sterling Hyundai 6606 Johnston Street Lafayette, LA 70503-5198 bearing the Vehicle Identification Number KM8R7DGE0SU906944 (hereinafter the "Vehicle"). Factors influencing the Plaintiff's selection of the Vehicle included the make, model, performance, features, and options that were advertised and marketed by the Defendant, reliance that that Vehicle would be free from defects and a safe and reliable form of transportation, and that all vehicle components and/or systems would function as intended.

9. The contract price of the vehicle, including registration charges, document fees, sales tax, finance and bank charges totaling $59,900.54.

10. In consideration for the purchase of said vehicle, Defendant issued to the Plaintiff several warranties, guarantees, affirmations or undertakings with respect to the material or workmanship of the vehicle and/or remedial action in the event the vehicle fails to meet the promised specifications or is defective in materials and/or workmanship.

11. The above-referenced warranties, guarantees, affirmations or undertakings are/were part of the basis of the bargain between Defendant and Plaintiff.

12. The Plaintiff's agreement to purchase the Vehicle included an express written warranty as well as other guarantees, affirmations and undertakings as stated in Defendant's warranty booklet and the owner's manual.

13. The Vehicle is afflicted with certain redhibitory defects that render it useless and/or so inconvenient that a reasonable person would not have purchased the Vehicle had he known of

the defects at the time of sale, or, in the alternative, would have purchased the Vehicle at a reduced price.

14. The redhibitory defects and non-conformities related to the Vehicle's component parts and systems include the suspension. These redhibitory defects and substantial non-conformities breach the implied warranty of merchantability and redhibition.

15. As a result of these redhibitory defects and non-conformities, the Plaintiff tendered the Vehicle to repair facilities that were authorized by the Defendant to perform repairs in accordance with the Defendant's express written warranty. The repair facility, Sterling Automotive Group 5504 I-49 North Serv Rd Opelousas, LA 70570 attempted to repair these redhibitory defects and non-conformities from November 21, 2025 through July 1, 2026.

16. At the time of delivery, the Vehicle was defective in materials and workmanship, with such latent redhibitory defects being discovered within the warranty periods.

17. As a result of these redhibitory defects and non-conformities, the Vehicle was inconvenient, useless, unavailable and/or out of service for an excessive number of days.

18. Upon information and belief therein, the redhibitory defects identified herein existed at the time the Vehicle left the Defendant's control and are defects with materials and/or workmanship and present reliability and safety concerns for the Plaintiff with regards to the Vehicle.

19. Upon information and belief, the vehicle remains in a defective and/or unreliable state and is substantially impaired.

## CAUSE OF ACTION I
## Breach of Express Warranty

20. Plaintiff incorporates by reference the above paragraphs of this Complaint as

though fully stated herein.

21. Plaintiff is a "consumer" as defined in *15 U.S.C. § 2301(3)*.

22. Defendant is a "supplier" and "warrantor" as defined in *15 U.S.C. § 2301(4)-(5)*.

23. The subject vehicle is a "consumer product" as defined in *15 U.S.C. § 2301 (6)*.

24. The express warranties pertaining to the Vehicle are a "written warranty" as defined in the Warranty Act, 15 U.S.C. § 2301(6).

25. The actions of Defendants in failing to tender the Vehicle to Plaintiff free of defects and failing to repair or replace the defective Vehicle constitutes a breach of the written and implied warranties and hence a violation of the Magnuson-Moss Warranty Act.

26. Plaintiff has performed all things agreed to and required of her under the sales contract and warranty terms, except as may have been excused or prevented by the conduct of Defendant as herein alleged.

27. The Defendant breached their express warranty by failing to replace or repair defective or non-conforming parts that were under warranty in a timely manner.

28. As a result of the Defendant's breach in this matter, the Plaintiff is entitled to all remedies allowed by law, to include but not limited to, a return of purchase price, or in the alternative, a reduction of price, actual and incidental damages and attorney fees.

## CAUSE OF ACTION II
**Breach of Implied Warranty**
**Pursuant to the Magnuson-Moss Warranty Act**

29. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein.

30. The Vehicle was subject to implied warranties, as defined in *15 U.S.C. § 2301, et*

*seq.* running from the Defendant to the Plaintiff.

31. An implied warranty that the Vehicle was merchantable arose by operation of law as part of the purchase of the Vehicle.

32. The Defendant impliedly warranted that Plaintiff's Vehicle, which it designed manufactured, and sold, was merchantable and fit and safe for its ordinary use, not otherwise injurious to consumers, and would come with adequate safety warnings.

33. Any purported limitation of the duration of the implied warranties contained in the written warranties given by Defendant is unreasonable and unconscionable and void under the principles of estoppel, because Defendant knew the defects existed and might not be discovered, if at all, until the Vehicle had been driven for a period longer than the period of the written warranty, and Defendant willfully withheld information about the defects from Plaintiff.

34. Because of the defects, Plaintiff's Vehicle is unsafe and unfit for use and has caused economic loss to the Plaintiff.

35. The persistent redhibitory defects identified herein are unreasonably dangerous because it can cause the Vehicle to malfunction while the Vehicle is in operation, at any time, thereby exposing the Vehicle's driver, passengers, and others who share the road with them to serious risk of accident, injury, or death.

36. Plaintiff notified the Defendant of the defects in the Vehicle within a reasonable time after the Plaintiff discovered them.

37. As a result of the Defendant's breach in this matter, the Plaintiff is entitled to all remedies allowed by law, to include but not limited to, a return of purchase price, or in the alternative, a reduction of price, actual and incidental damages, and attorney fees.

**<u>CAUSE OF ACTION III</u>**
**REDHIBITION - LA.C.C.ART. 2520, et seq.**

38. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein.

39. The Vehicle is a "thing" under LOUISIANA CIVIL CODE, Articles 2520, *et seq.*

40. The Defendant manufactured the Vehicle and is a "manufacturer" under Louisiana Civil Code Articles 2520, et seq.

41. The Defendant is the manufacturer of the Vehicle and is deemed to know that the Vehicle they manufactured and was ultimately sold to ALANA LANDRY, possessed a redhibitory defect pursuant to Louisiana Civil Code Article 2545.

42. The Plaintiff is a "buyer" under the Louisiana Civil Code Articles 2520, et seq.

43. The defects described herein meet the definition of a redhibitory defect under the Louisiana Civil Code Articles 2520, et seq. Specifically, the defects described herein rendered the Vehicle useless times and so inconvenient that Plaintiff would not have purchased the Vehicle had she known of the defects described herein at the time of purchase.

44. Plaintiff has performed all things agreed to and required of her under the Purchase agreement and warranty, except as may have been excused or prevented by the conduct of the Defendant as alleged herein.

45. The redhibitory defects described herein existed at the time of delivery to the seller.

46. As a result of the Defendant's breach in this matter, the Plaintiff is entitled to all remedies allowed by law, to include but not limited to, a return of purchase price, or in the alternative, a reduction of price, actual and incidental damages, and attorney fees.

## DAMAGES

47. Plaintiff seeks the following damages:

a. Return the price to the Plaintiff with interest from the time it was paid;

b. Reimburse the Plaintiff for the reasonable expenses occasioned by the sale;

c. Reimburse the Plaintiff for all costs incurred to preserve the Vehicle;

d. In the alternative, at the Plaintiff's election or if the facts warrant same, a reduction of purchase price;

e. Actual, consequential and incidental damages allowed by law;

f. Attorney fees;

g. Costs;

h. Pre-judgment and post judgment interest, when allowed by law;

i. All other damages allowed by law.

## PRAYER FOR RELIEF

WHEREFORE, ALANA LANDRY, respectfully prays for judgment as follows:

a. A judgment awarding to the Plaintiff a return of their purchase price, including all amounts paid toward the purchase of the vehicle, all amounts owed for the vehicle, including principal and interest, collateral charges, finance charges, all amounts incurred toward the preservation of the vehicle all Counts above;

b. All actual, incidental and consequential damages allowed by law;

c. As an alternative, at the election of the Plaintiff or if the facts warrant same, a reduction of price;

d. Attorney fees and costs;

d. Incidental and consequential damages allowed by law;

e. Pre-judgment and post judgment interest, when allowed by law; and

e. Any other relief this Honorable Court deems appropriate.

**RESPECTFULLY SUBMITTED:**

**DUCK LAW FIRM, L.L.C.**

/s/ Kevin R. Duck
**KEVIN R. DUCK (LA23043)**
5040 Ambassador Caffery Parkway
Suite 200
Lafayette, Louisiana 70508
Telephone: (337) 406-1144
Facsimile: (337) 406-1050
Electronic Mail: krd@ducklawfirm.com

**Attorney for the Plaintiff,**
**ALANA LANDRY**